**No. 48667.**—Protest 951577–G of Chicago Macaroni Co. of N. Y. (New York).

Opinion by KEEFE, J. It was stipulated that the cheese in question is similar to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 42146. The protest was therefore sustained.

**No. 48668.**—Protests 967092–G, etc., of Fritz Choyke (New York).

Opinion by KEEFE, J. It was stipulated that the cheese in question is similar to that the subject of Abstract 48269. The protests were therefore sustained.

**No. 48669.**—Protests 887205–G, etc., of Otto Roth & Co., Inc. (New York).

Opinion by KEEFE, J. It was stipulated that certain of the cheese in question is similar to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstracts 42146 and 48269. An allowance of 2½ percent was therefore made to compensate for the foreign substances. An allowance of 1 percent was made in the weight of cheese stipulated to be similar in all material respects to the Reggiano cheese the subject of *Scaramelli* v. *United States*, *supra*. The protests were therefore sustained to this extent.

**No. 48670.**—Protest 740602–G of Scaramelli & Co., Inc. (Boston).

Opinion by KEEFE, J. It was stipulated that certain of the cheese in question is similar to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, ·C. D. 706) and Abstract 42146. An allowance of 2½ percent was therefore made to compensate for the foreign substances. An allowance of 1 percent was made in the weight of cheese stipulated to be similar in all material respects to the Reggiano cheese the subject of *Scaramelli* v. *United States*, *supra*. The protest was therefore sustained to this extent.

BEFORE THE THIRD DIVISION, AUGUST 13, 1943

**No. 48671.**—Protest 54796–K of Bertha Lewin (Los Angeles).

Opinion by KEEFE, J. The official papers showed that the effects were imported on February 8, 1939, but entry was not made until August 22, 1940. The deputy collector testified on behalf of the plaintiff that all of the regulations attending free entry of household effects had been complied with and that said merchandise would have been entitled to free entry were it not for the ruling in T. D. 50171 (3). The plaintiff contends that the time limit set by the Secretary of the Treasury is not authorized by statute. The Government contends that the articles are abandoned and are not entitled to free entry because of plaintiff's failure to enter within 1 year after importation, as provided for in section 491,